LEONORA BRITTON ET AL., PLAINTIFFS-RESPONDENTS, v. THE DONWIN REALTY CORPORATION, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided January 8, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the appellant, *Andrew O. Wittreich.*

For the respondents, *Alfred Brenner.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Hudson County Court of Common Pleas in favor of the plaintiffs who brought suit to recover for injuries to the plaintiff wife and consequential damages to her husband sustained by reason of a fall on the sidewalk in front of premises owned by the defendant-appellant.   The tenant of the premises was also named a defendant, but as to him the jury returned a verdict of no cause of action.

Appellant, The Donwin Realty Corporation, was the owner of premises situate at 35 West Eighth street, Bayonne. James Burnett, trading as Burnett Bros., was a month to month tenant engaged in the business of selling gasoline, repairing tires, servicing motor cars, &c.   There were three gasoline pumps in front of the property.   These pumps and the underground tanks appurtenant thereto were in the premises when Burnett began his tenancy in the year 1932.   On April 29th, 1936, Mrs. Britton, while walking on the sidewalk in front of the property, stepped into a hole in the sidewalk and fell.   There appears to be no doubt that this hole was around the cap of the pipe used to fill the underground tanks with gasoline.   The hole was described as about the size of an ordinary water pail with the pipe in the middle of it, surrounded by soft black dirt.

It appears from the testimony that before the plaintiff suffered her fall, the Gulf Oil Company, whose products Burnett sold, either at the request of Burnett or with his consent, made some alterations or repairs at the point in question which involved digging around this pipe and cap. There is some confusion in Burnett's testimony as to whether this work was done a week before the accident or three or four months before, but we think it makes no difference to the liability of the landlord. We think the only fair inference to be drawn from Burnett's testimony is that the hole in the sidewalk came into existence after the Gulf Company did the work, but if it was there before that time there is no evidence that it was the result of any cause other than ordinary wear and tear.

In the situation thus presented, we think the case of *Wasilewski* v. *McGuire Art Shop,* 117 *N. J. L.* 264, is in point. There it was said:

"The general rule, in this country and in England, is that the landlord's liability to strangers is confined to the injurious consequences of that which in its very essence and nature is a nuisance at the time of the letting, and does not extend to that which is merely capable of being thereafter rendered a nuisance by the tenant. The ground of liability is that he is the 'author of the mischief,' he has, by the letting, put it in the power of the tenant to continue the nuisance and so has affirmed and become a party to its continuance, and is therefore classed as a *tort feasor* in respect of a stranger who suffers injury therefrom. * * * As was said in *Fish* v. *Dodge, supra,* when the letting is for a lawful purpose which may result in a nuisance only under special circumstances, the landowner 'cannot be justly charged with the wrong which was actually committed by others, who were not in his employment, unless he knew, or had reason to believe, that he was letting the property for a use which *must* prove injurious to the plaintiff.' "

That is precisely the situation here. There is no evidence that there was a hole in the sidewalk when the premises were demised to Burnett in 1932. The claim is that it came into existence a few months before the accident. The work on

the sidewalk was performed by a complete stranger to the landlord. "The burden is on the plaintiff to show that the owner or his predecessor in title participated in the creation of the nuisance." *Volke* v. *Otway,* 115 *N. J. L.* 553. The cases where the structure in the sidewalk was a nuisance *per se* and those where there was an undertaking in the lease on the part of the landlord to maintain the leased premises have no application to the facts here. The fact that the letting was from month to month and not for a period of years makes no difference. The fact is that the condition came into existence after the tenant went into possession, and if it was the result of ordinary wear there was no liability on either tenant or landlord; if the result of work performed on behalf of the tenant, then the landlord cannot be held.

The judgment is reversed.